No. ——

First Circuit

MOORE v. HEBERT

(January 7, 1927. Opinion and Decree.)
(February 12, 1927. Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on a matter of fact, namely, the damages suffered as a result of an indecent assault, being clearly correct, is affirmed.

2. **Louisiana Digest—Damages—Par. 3, 13.**

The parents can only recover damages for sufferings of their daughter due to an indecent assault and not for their own shame and humiliation.

3. **Louisiana Digest—Damages—Par. 104.**

Five hundred dollars considered sufficient quantum of damages for an indecent assault on a girl under ten years of age.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the Parish of Calcasieu. Hon. Jerry Cline, Judge.

Action by Jules Moore and wife against Felix Hebert.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

E. F. Gayle, of Lake Charles, attorney for plaintiff, appellee.

Griffin T. Hawkins, Cline & Plauche, of Lake Charles, attorneys for defendant, appellant.

LECHE, J. Plaintiffs in this suit sue, for the benefit of their little daughter, for damages suffered by her as a result of an indecent assault committed upon her by the defendant. The assault is neither charged nor shown to be one amounting to an assault with intent to commit rape, and the case presents only questions of fact for solution.

The trial judge awarded plaintiffs damages in the sum of five hundred dollars and defendant has appealed.

As is usual in matters of this kind, the only eye-witnesses to the main fact in dispute are the plaintiffs' daughter and the defendant. The little girl was then a little under ten years of age, and had gone to defendant's place of business under a public dance hall to look for a hair comb which she believed she had dropped and lost while attending a Mardi Gras performance, in the hall, on the preceding night. She says defendant followed her, and, being alone, made the assault upon her, the details of which are too salacious to be inserted in this opinion. She was then on her way to school during noon recess, and she afterwards proceeded to her classroom. She complained to her mother on her return from school, and the present suit was filed as a result. The little girl appears to be intelligent and she relates all the details of the assault in a consistent, straightforward manner. It may be, however, that she exaggerates the physical and mental effects upon herself. She suffered no bodily injury, and her right to compensation can only be measured by the shame and humiliation she must have undergone.

Defendant admits the truth as to the time, the place and the circumstances under which the little girl says she visited the dance hall, and he also admits that he

was with her alone for a few moments, but strenuously denies the assault.

It is almost incredible that this little girl could have invented such a story. The trial judge, with his knowledge of the parties, and relying on some little details which seem to confirm the truth of some of the statements of the girl, found in favor of plaintiffs, and we see no reversible error in that finding.

As to the quantum of damages, plaintiffs are only entitled to recover for the sufferings of their daughter from shame and humiliation, for, no matter how reprehensible defendant's conduct may have been, he cannot be punished by the infliction, in this case, of punitory damages. Let the amount of damages remain as fixed by the trial judge.